IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STEPHEN E. TINKLER,

    Defendant.

COMPLAINT FOR VIOLATION OF THE FALSE CLAIMS ACT,
BREACH OF CONTRACT, CONVERSION, AND UNJUST ENRICHMENT

Plaintiff, the United States of America ("United States" or "Government"), through its undersigned counsel, alleges as its complaint, as follows:

Introduction

1.  This is an action for violation of the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, against Defendant Stephen E. Tinkler arising out of funds that Defendant Tinkler collected on behalf of the United States pursuant to the Federal Medical Care Recovery Act, 42 U.S.C. §§ 2651-2653 ("FMCRA") but has knowingly and improperly avoided returning to the United States. This complaint alleges violations of the False Claims Act, 31 U.S.C. §§ 3729-3733 ("FCA"), and common law claims of breach of contract, unjust enrichment, and conversion.

Jurisdiction and Venue

2.  Jurisdiction over this action is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1345, and by 31 U.S.C. § 3732(a).

3. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) and 31 U.S.C. § 3732 because Defendant is a licensed attorney in the State of New Mexico and is doing business in this District and because a substantial portion of the events or omissions giving rise to the claim occurred in this District.

4. Personal jurisdiction over the Defendant is present.

5. This action is proper under 31 U.S.C. § 3731(b)(2) and 28 U.S.C. § 2415.

Parties

6. The United States files this Complaint on behalf of the Department of Health and Human Services ("HHS"), an agency and instrumentality of the United States. It is the mission of HHS to enhance and protect the health and well-being of all Americans and, in furtherance of its mission, is charged with recovering funds expended on behalf of its citizens by at-fault third parties.

7. Upon information and belief, Defendant Stephen E. Tinkler is an attorney licensed to practice in the State of New Mexico and practices law in the State of New Mexico.

Federal Medical Care Recovery Act, 42 U.S.C. §§ 2651-2653

8. FMCRA provides for the right of recovery of costs of medical care furnished by the United States to a person suffering from an injury caused by a negligent third party.

9. FMCRA provides in relevant part:

> In any case in which the United States is authorized or required by law to furnish or pay for hospital, medical, surgical, or dental care and treatment . . . to a person who is injured . . . , under circumstances creating a tort liability upon some third person . . . to pay damages therefor, the United States shall have a right to recover . . . from said third person, or that person's insurer, the reasonable value of the care and treatment so furnished . . . and shall, as to this right be subrogated to any right or claim that the injured or diseased person . . . has against such third person to the

      extent of the reasonable value of the care and treatment so furnished, to be furnished, paid for, or to be paid for. . . .

42 U.S.C. § 2651(a).

10. FMCRA lists possible methods of enforcement of this statutory right:

      The United States may, to enforce a right under subsections (a) . . . intervene or join in any action or proceeding brought by the injured or diseased person, . . . against the third person who is liable for the injury or disease . . . ; or (2) if such action or proceeding is not commenced within six months after the first day in which care and treatment is furnished or paid for by the United States in connection with the injury or disease involved, institute and prosecute legal proceedings against the third person who is liable for the injury or disease . . . .

42 U.S.C. § 2651(b).

11. As many courts have noted, and FMCRA emphasizes, these are merely two optional methods of recovery. *See United States v. York*, 398 F.2d 582, 586 (6th Cir. 1968) ("When a specific interest and right has been conferred upon the United States by statute, the remedies and procedures for enforcing that right are not to be narrowly construed so as to prevent the effectuation of the policy declared by Congress."); 42 U.S.C. § 2653 ("This chapter does not limit or repeal any other provision of law providing for recovery by the United States of the costs of care and treatment described in section 2651 of this title.").

12. The United States' right to recover medical expenses "should be construed as permitting the government to assert its claim in any of a wide variety of possible procedural alternatives." *Leatherman v. Pollard Trucking Co.*, 482 F. Supp. 351, 353 (D. Okla. 1978).

13. Importantly here, the United States may allow the injured party to assert its claims without the United States actually intervening or becoming a party to the action. *Id.*

3

14. Neither Defendant Tinkler, nor Ms. Herrera, have *any* right to funds collected for the value of medical care provided by the United States. *McCotter v. Smithfield Packing Co.*, 868 F. Supp. 160, 163 (E.D. Va. 1994).

## False Claims Act

15. The FCA provides, in pertinent part, that any person who:

    **(G)** knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals *or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government*,

    is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461 note; Public Law 104-410, plus 3 times the amount of damages which the Government sustains because of the act of that person.

31 U.S.C. § 3729(a)(1).

16. The FCA defines "knowing" and "knowingly" as having "actual knowledge of the information;" acting "in deliberate ignorance of the truth or falsity of the information;" or acting "in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1) (2010).

17. "Knowing" and "knowingly" does not require proof of specific intent to defraud. *Id.*

18. The term "obligation" is defined by the statute as "an established duty, whether or not fixed, arising from an express or implied contractual . . . relationship." 31 U.S.C. § 3729(b)(3).

19. The civil penalty for violations occurring after November 2, 2015, is from $11,181 to $22,363. 28 C.F.R. § 85.5.

20. A person violating the FCA is also "liable to the United States Government for the costs of a civil action brought to recover any such penalty or damages." 31 U.S.C. § 3729(a)(3).

General Allegations

21. On November 18, 2011, Defendant Tinkler filed an action on behalf of his client Rebecca Herrera alleging that Ms. Herrera was subject to medical malpractice by Christus St. Vincent Regional Medical Center ("Christus St. Vincent") and Philip Shields, MD (collectively "Tort Defendants"). *Rebecca Herrera v. Philip Shields, MD and Christus St. Vincent Regional Medical Center*, First Judicial District Court, County of Santa Fe, State of New Mexico, D-101-cv-2011-03507 ("Tort Action").

22. The Tort Action complaint alleged that Dr. Shields provided negligent care to Ms. Herrera for a right hemifacial spasm[1] from August 15, 2007, until January 2009, including negligently performing a "procedure" to address the hemifacial spasm at an unspecified time and surgery on November 20, 2008.

23. The Tort Action complaint further alleged Dr. Shields expressed inappropriate personal interest in Ms. Herrera.

24. Finally, the Tort Action complaint alleged that, as a result of the Tort Defendants' negligent medical care and inappropriate conduct, Ms. Herrera suffered physical injury, severe emotional distress, embarrassment, and economic damages.

---

[1] According to Mayo Clinic, a hemifacial spasm is a nervous system disorder in which the muscles on one side of your face twitch involuntarily. Hemifacial spasm is most often caused by a blood vessel touching a facial nerve, but it may be caused by a facial nerve injury or a tumor, or it may not have a cause. https://www.mayoclinic.org/diseases-conditions/hemifacial-spasm/symptoms-causes/syc-20373296 (last visited on June 19, 2020).

25. Ms. Herrera sought treatment from Indian Health Service ("IHS") for the injuries caused by the Tort Defendants.

26. Defendant Tinkler's office contacted the HHS, Office of the General Counsel ("HHS-OGC") on or about September 13, 2013, requesting information regarding the IHS claim amount for care provided to Ms. Herrera.

27. On October 22, 2013, Defendant Tinkler's office again contacted HHS-OGC stating, "Our client is in somewhat of a desperate situation. Her settlement negotiations with the defendant in this matter have been halted because of the possible IHS subrogation lien."

28. On October 25, 2013, HHS-OGC responded to Defendant Tinkler that IHS is entitled, pursuant to the FMCRA, to recover the reasonable value of medical services provided to a person who was injured by a third party. Oct. 25, 2013 Ltr. fr. HHS-OGC to Tinkler.

29. HHS-OGC further advised that once the case is resolved, Defendant Tinkler was to remit payment of the claim amount of $110,684.00 to IHS. *Id*.

30. Finally, HHS-OGC advised:

> When an injured beneficiary is represented by counsel, we prefer not to negotiate separately with the insurance carrier in order to permit plaintiff's counsel the greatest possible control over the case. Consequently, we customarily authorize plaintiff's counsel to include our claim as part of the special damages, suing for the use and benefit of the United States. In this regard, we would appreciate hearing from you concerning your willingness to include the Government's claim in your negotiations with the third party. Although we cannot pay attorneys fees (5 U.S.C. § 3106), we will cooperate in every way possible short of active participation in the suit.

Oct. 25, 2013 Ltr. fr. HHS-OGC to Tinkler.

31. HHS-OGC, author of the October 25, 2013 letter, had authority to enter into this agreement on behalf of the Agency and the United States. The IHS Manual Circular 2006-02,

"Reporting Third-Party Tortfeasor Claims and Recovery of Funds Under the Federal Medical Care Recovery Act," provides that OGC is the entity delegated the authority by IHS to recover "those funds owed to the IHS for health care services provided when a patient's injury was due to a negligent party." https://www.ihs.gov/ihm/circulars/2006/reporting-third-party-tortfeasor-claims-and-recovery-of-funds-under-the-federal-medical-care-recovery-act/, § 2.

32. By this letter, the United States offered Defendant Tinkler that he could recover the value of the medical care the Government provided to Ms. Herrera on the United States' behalf. *Leatherman v. Pollard Trucking Co.*, 482 F. Supp. 351, 353 (D. Okla. 1978)

33. Defendant Tinkler agreed to, and did recover on behalf of the United States.

34. Sometime between October 25, 2013, and November 24, 2014, Defendant Tinkler settled Ms. Herrera's claim for $485,000 and, according to Defendant Tinkler, placed the IHS's full claim amount of $110,684 in his trust account. Nov. 24, 2014 Ltr. fr. Tinkler to HHS-OGC.

35. Defendant Tinkler specifically sought the United States' consent to the settlement and placement of the amount of the United States' claim in escrow. Mar. 16, 2020 Ltr. fr. Tinkler to HHS-OGC at 3 ("I discussed the ongoing mediation with you in October and November 2013, and discussed with you the possible settlement for $485,000 with $110,684 of that amount being held in my trust account as part of the settlement pending resolution of the IHS claim for reimbursement, before we reached agreement with the defendants for the final settlement because I wanted to know if the Government approved of such a settlement before I agreed to the proposed settlement becoming a final settlement.").

36. Defendant Tinkler further informed the United States that the settlement would not have taken place had Defendant Tinkler not been able to reassure the mediator and Tort

7

Defendants that the United States approved the settlement and that Defendant Tinkler would place the United States' funds in Defendant Tinkler's trust account. *Id.* at 5.

37. Defendant Tinkler then placed the United States' recovery in his trust account, having recovered the United States' claim under FMCRA.

38. Defendant Tinkler then sought a reduction in the amount of the United States lien,

> On October 25, 2013 [HHS-OGC] sent me a letter asserting a claim on behalf of the United States under the Federal Medical Recovery Act (FMCRA) for recovery of the reasonable value of medical care allegedly provided by IHS to Ms. Herrera for injuries she sustained as a result of a third party's negligence.
>
> * * *
>
> Later in 2013, I informed you the lawsuit was going to be settled for a total of $485,000 and spoke to you about a reduction or outright waiver of the IHS claim, and you advised me that such a request would be considered by the Government upon receipt . . . of a letter . . . setting forth the basis for the requested reduction and/or waiver. The case was settled and the sum of $110,684 was placed in my trust account until such time as the IHS claim was resolved. These funds remain in my trust account and I am writing on behalf of Ms. Herrera to request the Government (1) compromise or settle and execute a release of the IHS claim the United States has pursuant to 42 U.S.C. §§ 2651-2653 or (2) waive any such claim, in whole or in part . . . .

Nov. 24, 2014 Ltr. fr. Tinkler to HHS-OGC.

39. As Defendant Tinkler's correspondence makes clear, he knew that he was holding money that belonged to the United States and that he was obligated to return those funds to the United States, while asking for a reduction in the claim amount.

40. HHS-OGC responded, offering to accept payment of $86,534 as full satisfaction of the claim. Apr. 11, 2016 Ltr. fr. HHS-OGC to Tinkler.

41. HHS-OGC instructed Defendant Tinkler to make the check payable to the IHS.

42. Defendant Tinkler failed to do so. Instead, Defendant Tinkler knowingly avoided his obligation to return to the United States the funds that he recovered on the United States' behalf.

43. Instead, by letter dated February 5, 2020, Defendant Tinkler indicated that he did not intend to return the United States funds—stating that the United States had "no claim"—that he has held in his trust account for close to six years. Feb. 5, 2020 Ltr. fr. Tinkler to HHS-OGC.

44. To justify avoiding his obligation to return the funds, Defendant Tinkler claimed that the statute of limitations had run on any claim the United States may have.

45. The United States informed Defendant Tinkler that it was not presently seeking recovery under FMCRA. The United States' initial right to recovery was authorized by FMCRA. As discussed *supra*, Defendant Tinkler, on behalf of the United States (and as the United States, Defendant Tinkler, and the Tort Defendants had previously agreed) recovered the United States' funds pursuant to FMCRA as part of the settlement of the Tort Action, and refused to return the United States' funds. Now, under the FCA and common law legal theories, Defendant Tinkler is now obliged to return the United States' funds to the United States.

46. Defendant Tinkler again declined to return the United States' funds.

## COUNT I

(Violation Of The False Claims Act, 31 U.S.C.A. § 3729(a)(1)(G))

47. Plaintiff re-alleges and incorporates by reference the foregoing allegations.

48. Pursuant to the United States' and Defendant's agreement, Defendant had an obligation to transmit funds he collected on the Government's behalf pursuant to the FMCRA.

49. Defendant collected for the United States the value of the medical care provided to Ms. Herrera pursuant to FMCRA, but then improperly avoided the obligation to transmit the funds to the Government.

50. Defendant knew of the obligation to the United States and knowingly avoided the obligation.

51. As a result, the United States was damaged.

## COUNT II
(Breach Of Contract)

52. Plaintiff re-alleges and incorporates by reference the foregoing allegations.

53. The United States and Defendant unambiguously agreed by their words and actions that Defendant would recover the costs of medical care furnished by the IHS to Ms. Herrera on behalf of the United States pursuant to FMCRA when settling the Tort Action.

54. Each party received consideration for the agreement. Defendant was allowed to negotiate a settlement of the Tort Action without interference of the United States. The United States was to recover the value of the medical care provided without intervening in the action.

55. HHS-OGC had authority to enter into this agreement on behalf of the United States.

56. The United States fully performed its obligations under the terms of the parties' agreement.

57. Defendant recovered the costs of medical care furnished by the IHS to Ms. Herrera on behalf of the United States as contemplated by the parties' agreement.

58. However, in breach of the parties' agreement, and despite repeated demands, Defendant has failed and refused to return the United States' funds to the United States as contemplated under the terms of the parties' agreement.

59. The United States suffered damages as a result of Defendant's breach of the parties' agreement.

## COUNT III
### (Conversion)

60. Plaintiff re-alleges and incorporates by reference the foregoing allegations.

61. Defendant, on behalf of the United States, recovered the value of the medical care the United States provided to Ms. Herrera.

62. The United States has the right to the recovered funds.

63. The United States has demanded that Defendant return the recovered funds to the United States.

64. Defendant has refused to return the recovered funds.

65. The United States has been damaged due to Defendant's refusal to return the recovered costs.

## COUNT IV
### (Unjust Enrichment)

66. Plaintiff re-alleges and incorporates by reference the foregoing allegations.

67. By virtue of the acts described above, Defendant has knowingly benefited at the expense of the United States in a manner such that his retention of the benefit would be unjust.

PRAYER FOR RELIEF

WHEREFORE, the United States demands judgment against Defendant as follows:

A.   As to Count I, three times the actual damages incurred by the United States, the maximum civil penalty as provided by law, and the costs associated with the investigation, prosecution and collection of the debt in this matter;

B.   As to Count II, actual damages, punitive damages, and pre and post judgment interests and costs as allowed by law;

C.   As to Count III, actual damages, punitive damages, and pre and post judgment interests and costs as allowed by law; and

D.   As to Count IV, actual damages, punitive damages, and pre and post judgment interests and costs as allowed by law.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney
District of New Mexico

 */s/ Ruth F. Keegan*
*Electronically filed July 6, 2020*
MICHAEL H. HOSES
RUTH F. KEEGAN
Assistant United States Attorneys
201 Third Street, NW, Suite 900
Albuquerque, NM 87102
(505) 346-7274
Fax (505) 346-7205
ruth.f.keegan@usdoj.gov
michael.hoses@usdoj.gov

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff  _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ❏ 3  Federal Question  *(U.S. Government Not a Party)*
- ❏ 4  Diversity  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | ❏ 820 Copyrights | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 830 Patent | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | | | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 840 Trademark | ❏ 460 Deportation |
| | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 480 Consumer Credit (15 USC 1681 or 1692) |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | | ❏ 863 DIWC/DIWW (405(g)) | |
| ❏ 195 Contract Product Liability | | | ❏ 740 Railway Labor Act | ❏ 864 SSID Title XVI | ❏ 490 Cable/Sat TV |
| ❏ 196 Franchise | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 865 RSI (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 890 Other Statutory Actions |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 891 Agricultural Acts |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | | ❏ 893 Environmental Matters |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 895 Freedom of Information Act |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 896 Arbitration |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 290 All Other Real Property | | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - Other | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | ❏ 950 Constitutionality of State Statutes |
| | ❏ 448 Education | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:**  ❏ Yes  ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.